UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                              :
EILEEN C. LAPSANSKY,                  :         Case No. 04-26238REF
        Debtor                                  :         Chapter 13

## MEMORANDUM OPINION

Before me for decision are Objections filed by Debtor to proofs of claim filed by two unsecured creditors. Because the issues raised by Debtor in each Objection are identical, I shall resolve the Objections in one decision. I begin with a brief summary of the facts relevant to this dispute and the procedural history of this case.

Debtor filed her bankruptcy petition on November 30, 2004. On July 28, 2005, Arrow Financial Services LLC ("Arrow") filed a proof of claim, known as proof of claim number 1, in which it asserted that it was the holder of an unsecured claim in the amount of $2,645.27. The proof of claim indicates that the basis for the claim is credit card debt. Attached to the proof of claim is an account summary that identifies Debtor by name, address, and properly redacted social security number, and that shows the bankruptcy case number, the date of the bankruptcy filing, the date the account was originally opened, the charge off date, the last payment date, the last payment amount, the properly redacted account number, the purchase date, the balance owed on the account at the time of purchase, the amount of payments received since the purchase date, and the current balance. On July 17, 2006, Debtor filed an Objection to this proof of claim, to which Arrow responded by filing an amended proof of claim, known as amended proof of claim number 1. Attached to the amended proof of claim is a copy of an account screen that identifies Debtor by name, address, and properly redacted social security number, the bankruptcy case number, the name of the creditor, "Providian," the properly redacted account number, and the

account balance.

On November 4, 2005, B-Line, LLC/Collect America/Direct Merchants ("B-Line") filed a proof of claim, known as proof of claim number 7, in which it asserted that it is the holder of an unsecured claim in the amount of $4,924.39. The proof of claim indicates that the basis for the claim is "money loaned." Attached to the proof of claim is an account summary that identifies Debtor by name, address, and properly redacted social security number. The account summary also identifies the end balance on the account, the last payment date, the last payment amount, and the original creditor, "Direct Merchants," and indicates the properly redacted account number. Debtor filed an objection to this claim on July 17, 2006.

As I noted earlier, Debtor's Objections to the proofs of claim filed by Arrow and B-Line are identical, with each alleging that "[p]ursuant to [Fed. R. Bankr. P.] 3001(c), [claimant] failed to attach an original or duplicate documentation supporting its claim nor did they file a statement explaining the circumstances of the loss or destruction, if any, and therefore [the proof of claim] is not a valid claim and should be disallowed and expunged." See Debtor's Objections to Proofs of Claim, ¶5. Fed. R. Bankr. P. 3001(c) states:

> **(c) Claim based on a writing**
>
> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

The majority of the courts that have considered this issue, however, have rejected this argument as insufficient to justify disallowing or reducing a claim. Most of these courts have denied claim objections that do not actually contest the debtor's liability to the claimant, or the amount of the debt, but instead simply argue that the claimant failed to attach documentation

required by Fed. R. Bankr. P. 3001(c). See Cluff v. eCast Settlement, No. 2:04-CV-978TS, 2006 WL 282005, at *3 (D. Utah Sept. 29, 2006)(Objection to proof of claim based solely on fact that claim fails to attach documentation in compliance with Fed. R. Bankr P. 3001(c) is insufficient to disallow or reduce claim.); Campbell v. Verizon Wireless S-CA (In re Campbell), 336 B.R. 430, 434-36 (B.A.P. 9th Cir. 2005)("[A] claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)."); Heath v. American Express Travel Related Services Co., Inc. (In re Heath), 331 B.R. 424, 431-37 (B.A.P. 9th Cir. 2005); Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation), 318 B.R. 147, 150-53 (B.A.P. 8th Cir. 2004)("Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. ...[e]ven if the claims had not substantially complied with Rule 3001, the claims are still allowed under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b)."); In re Habiballa, 337 B.R. 911, 914-18 (Bankr. E.D. Wis. 2006)("Recognizing that Bankruptcy Code §502 provides that a claim shall be allowed unless the objector shows that one of the exceptions applies, and that Bankruptcy Rule 3001 is an evidentiary rule that cannot supercede the substantive provisions of the Code, this Court will require the Debtor to come forward with some evidence to contradict the claim summary, even in the absence of a creditor's compliance with an information request."); In re Burkett, 329 B.R. 820, 825-232 (Bankr. S.D. Ohio 2005)("If there is no underlying factual dispute as to the validity, ownership or amount of a claim, a debtor or trustee has no basis for filing an objection for lack of documentation unless the debtor or trustee alleges a basis that would require reduction or disallowance under §502."); In re Guidry, 321 B.R. 712, 714-15 (Bankr. N.D. Ill. 2005)("[A] claim cannot be disallowed solely on the basis that its proof was not accompanied by a Rule 3001(c) attachment."); In re Cluff, 313 B.R. 323 (Bankr. D. Utah 2004), aff'd, No. 2:04-CV-978TS, 2006 WL 282005, at *3 (D. Utah Sept. 29, 2006).

I agree with the analysis applied by these courts and I adopt their reasoning and ruling herein. I therefore overrule Debtor's Objections to the proofs of claim filed by Arrow and B-Line because the Objections do not attack Debtor's liability for the claims or the amount of the underlying debts, but instead are based solely on the argument that the claims should be disallowed because they do not attach the documentation required by Rule 3001(c).[1]

I shall issue an appropriate Order overruling Debtor's Objections to the proofs of claim filed by Arrow and B-Line and allowing these claims as filed.

---

[1] I also note that Debtor's Schedules list both the debt owed to Arrow and the debt owed to B-Line as undisputed, although in amounts that differ from the amounts alleged to be owed in the proofs of claim. I further note that Debtor never raised an issue with the amounts alleged to be owed to Arrow or B-Line in the proofs of claim in either the Objections filed to the proofs of claim, at the hearing held on the Objections to the proofs of claim or in her brief.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                    :
EILEEN C. LAPSANSKY,                      :    Case No. 04-26238REF
    Debtor                                :    Chapter 13

### ORDER

AND NOW, this 31 day of October, 2006, upon my consideration of Debtor's Objections to proof of claim number 1 filed by Arrow Financial Services LLC ("Arrow"), as thereafter amended, and proof of claim number 7 filed by B-Line, LLC/Collect America/Direct Merchants ("B-Line"), and based upon the discussion contained in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that Debtor's Objections to these proofs of claim are OVERRULED and amended proof of claim number 1 filed by Arrow and proof of claim number 7 filed by B-Line are hereby ALLOWED AS FILED.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge